UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Miguel A. Perez,
Jose A. Centeno,
Kevin A. Centeno
and other similarly situated individuals,

     Plaintiffs,

v.

Paul Newman Dazzling Detailing, Inc.
and Paul Newman, individually,

     Defendants,

_____/

## **COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COME NOW Plaintiffs Miguel A. Perez, Jose A. Centeno, Kevin A. Centeno, and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants Paul Newman Dazzling Detailing, Inc., and Paul Newman, individually, and allege:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno are residents of Seminole County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Paul Newman Dazzling Detailing, Inc. (from now on Dazzling Detailing, or Defendant) is a Florida Profit Corporation doing business in Seminole County, Florida, where Plaintiffs worked for Defendant.

4. The individual Defendant, Paul Newman, was and is now the owner/partner/officer/and manager of Dazzling Detailing. Defendant Paul Newman was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)], and he is jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint occurred in Seminole County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno as a collective action to recover from Defendants regular and overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly

situated to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after November 2021, (the "material time") without being adequately compensated.

7. Defendant Dazzling Detailing provides washing, waxing, polishing, and detailing services for recreational vehicles (RVs) such as campers, motorhomes, and travel trailers across state lines.

8. Defendant Dazzling Detailing was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is a detailing company providing services across state lines. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs had duties as RV detailers. Plaintiffs regularly traveled across state lines to perform their work. In addition, Plaintiffs handled

and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants Dazzling Detailing and Paul Newman employed Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno as non-exempted, full-time hourly employees.

11. While employed by Defendants, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno performed as RV detailers. Plaintiffs duties consisted of washing, waxing, polishing, and detailing recreational vehicles (RVs) such as campers, motorhomes., and travel trailers across state lines.

12. Plaintiffs' work involved picking up the company van at Defendants' facilities in Sanford, Florida, and traveling to distant cities in other states like Kentucky, Georgia, North Carolina, and South Carolina. Plaintiffs returned to Defendants warehouse in Sanford, Florida the same day.

13. Plaintiffs worked 7 days per week from Monday to Sunday. Every day Plaintiffs picked up the company vehicle at 7:00 AM and traveled to their job assignment in one or more locations.

14. Plaintiffs were paid between 60 and 77 hours. Plaintiffs were paid for an average of 69 hours weekly at their regular rate.

15. Plaintiffs worked in excess of 40 hours, but they were not paid for overtime hours, as required by law.

16. Furthermore, Defendants refused to pay Plaintiffs the time spent traveling to their job site, or from job site to job site. Traveling was part of Plaintiff's Principal activity, as such it must be counted as hours worked.

17. Plaintiffs estimate that Defendants failed to pay them an average of 10 hours weekly. Those 10 hours of travel time, constitute 10 additional unpaid overtime hours.

18. Moreover, during their employment with Defendants, Plaintiffs did not receive their wages timely, on the regular payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

19. On or about June 17, 2023, Plaintiffs were forced to leave their employment because they were not being paid their wages.

20. At the time of their resignation, Defendants refused to pay Plaintiffs their overdue wages.

21. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno worked as follows:

22. <u>1.- Claim of Plaintiff Miguel A. Perez</u>

23. Plaintiff Miguel A. Perez worked for Defendants for two periods. In his first period, Plaintiff worked from November 1, 2021, to July 15, 2022, or 36 weeks.

In his second period, Plaintiff worked from March 15, 2023,  to June 17, 2023, or 13 weeks.

24. Plaintiff Miguel A. Perez worked for Defendants as an RV detailer for a total of 49 weeks. Plaintiff was paid at the rate of $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

25. Plaintiff was paid for an average of 69 hours weekly at his regular rate, but he was not paid for overtime hours.  Plaintiff is owed half-time overtime for hours in excess of 40.

26. In addition, Plaintiff claims a minimum of 10 hours of travel time, which must be counted as 10 unpaid overtime hours at the rate of one time and a half his regular rate.

27. Plaintiff was forced to leave his employment because he did not receive wages for three consecutive weeks.

28. Plaintiff also claims the reimbursement of expenses that he made purchasing supplies to perform his job.

29. 2.-Claim of Plaintiff Jose A. Centeno

30. Plaintiff Jose A. Centeno worked for Defendants from March 15, 2023, to June 17, 2023, or 13 weeks.

31. Plaintiff worked for Defendants as an RV detailer and he was paid a wage rate of $12.00 an hour.  Plaintiff's overtime rate should be $18.00 an hour

32. Plaintiff was paid for an average of 69 hours weekly at his regular rate, but he was not paid for overtime hours. Plaintiff is owed half-time overtime for hours in excess of 40.

33. In addition, Plaintiff claims a minimum of 10 hours of travel time, which must be counted as 10 unpaid overtime hours at the rate of one time and a half his regular rate.

34. Plaintiff was forced to leave his employment because he did not receive wages for two consecutive weeks.

35. 3.- <u>Claim of Plaintiff Kevin A. Centeno</u>

36. Plaintiff Kevin A. Centeno worked for Defendants from March 15, 2023, to June 17, 2023, or 13 weeks.

37. Plaintiff worked for Defendants as an RV detailer and he was paid a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour

38. Plaintiff was paid for an average of 69 hours weekly at his regular rate, but he was not paid for overtime hours. Plaintiff is owed half-time overtime for hours in excess of 40.

39. In addition, Plaintiff claims a minimum of 10 hours of travel time, which must be counted as 10 unpaid overtime hours at the rate of one time and a half his regular rate.

40. Plaintiff was forced to leave his employment because he did not receive wages for two consecutive weeks.

41. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs only their regular rate for all the hours worked.

42. In addition, during their employment with Defendants, Plaintiffs did not receive their wages timely.

43. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

44. Plaintiffs did not clock in and out, but Defendants could track the hours worked by Plaintiffs and other similarly situated individuals. Plaintiffs reported to Defendants every time they finished a job assignment.

45. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 US Code §206 (a)(1). Defendants also failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

46. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno were paid by Zelle without paystubs or records providing accurate information about the

number of days and hours worked, wage rate paid, employee taxes deducted, etc.

47. On or about June 17, 2023, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno were forced to leave their employment because they were not receiving wages.

48. At times mentioned, individual Defendant Paul Newman was and is now the owner/partner/manager of Dazzling Detailing. Defendant Paul Newman was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Dazzling Detailing's interests concerning its employees, including Plaintiffs and others similarly situated. Defendant Paul Newman had financial and operational control of the business determining Plaintiffs' terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiffs' damages.

49. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

50. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages.

51. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno have retained the law offices of the undersigned Attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable Attorneys' fees and costs.

<u>Collective Action Allegations</u>

52. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

53. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular and overtime hours at the rate of time and one-half their regular rate.

54. This action is intended to include every detailing employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

55. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno re-adopt every factual allegation stated in paragraphs 1-54 of this Complaint as if set out in full herein.

56. This action is brought by Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC § 207.   29 USC § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

57. Defendants Dazzling Detailing and Paul Newman employed Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno as non-exempted, full-time employees.

58. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno were hired to work as RV detailers. Plaintiffs traveled to distant cities to perform their work.

59. While employed by Defendants Plaintiffs worked in excess of 40 hours. Plaintiffs were paid for an average of 69 hours,  but they were not paid for overtime hours, as required by law. Plaintiffs are owed half-time for paid hours in excess of 40 weekly.

60. In addition, Plaintiffs were not paid for at least 10 hours of travel time. Traveling was part of Plaintiffs' principal activity, as such Plaintiffs' travel time is compensable time, and constitutes 10 unpaid overtime hours per week.

61. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiffs' number of working hours for the week.

62. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

63. Plaintiffs were paid weekly by Zelle without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

64. In addition, during their employment with Defendants,  Plaintiffs did not receive their wages timely, on the regular payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

65. On or about June 17, 2023, Plaintiffs were forced to leave their employment with Defendants because of a lack of wages.

66. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

67. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

68. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid overtime hours, as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery when records are received.

### 1.- Overtime claim of Plaintiff Miguel A. Perez

    a. Total amount of alleged unpaid wages:

       Twenty-Four Thousand Three Hundred Twenty-Eight Dollars and 50/100 ($24,328.50)

    b. Calculation of such wages:

       Total weeks of employment:  49 weeks
       Total relevant weeks of employment: 49 weeks
       Total hours paid: 69 hours average paid weekly

Total unpaid O/T hours: 29 hours, paid at regular rate
Total unpaid travel time hours: 10 hours weekly (10 O/T hours)
Regular rate: $17.00 an hour x 1.5= $25.50-$17.00 rate paid=$8.50
Half-time O/T: $8.50
O/T rate: $25.50

    i.    Half-time O/T for 29 hours paid at regular rate
        $8.50 x 29 O/T hours=$246.50 weekly x 49 weeks=$12,078.50

    ii.    Overtime for 10 hours (travel time) paid at $0.00
        $25.00 x 10 O/T hours=$250.00 wkly x 49 weeks=$12,250.00

Total #1 and #2: $24,328.50

c.  <u>Nature of wages:</u>

This amount represents unpaid overtime wages[1]

## 2.- Overtime claim of Plaintiff Jose A. Centeno

a.  <u>Total amount of alleged unpaid wages:</u>

Four Thousand Six Hundred Two Dollars and 00/100 ($4,602.00)

b.  <u>Calculation of such wages:</u>

Total weeks of employment:  13 weeks
Total relevant weeks of employment: 13 weeks
Total hours paid: 69 hours average paid weekly
Total unpaid O/T hours: 29 hours, paid at regular rate
Total unpaid travel time hours: 10 hours weekly (10 O/T hours)
Regular rate: $12.00 an hour x 1.5=$18.00-$12.00 rate paid=$6.00
Half-time O/T: $6.00
O/T rate: $18.00

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

     i.    Half-time O/T for 29 hours paid at regular rate
$6.00 x 29 O/T hours=$174.00 weekly x 13 weeks=$2,262.00

    ii.    Overtime for 10 hours (travel time) paid at $0.00
$18.00 x 10 O/T hours=$180.00 wkly x 13 weeks=$2,340.00

Total #1 and #2: $4,602.00

c.  <u>Nature of wages:</u>

This amount represents unpaid overtime wages[2]

### 3.- Overtime claim of Plaintiff Kevin A. Centeno

a.  <u>Total amount of alleged unpaid wages</u>:

Four Thousand Six Hundred Two Dollars and 00/100 ($4,602.00)

b.  <u>Calculation of such wages</u>:

Total weeks of employment:  13 weeks
Total relevant weeks of employment: 13 weeks
Total hours paid: 69 hours average paid weekly
Total unpaid O/T hours: 29 hours, paid at regular rate
Total unpaid travel time hours: 10 hours weekly (10 O/T hours)
Regular rate: $12.00 an hour x 1.5=$18.00-$12.00 rate paid=$6.00
Half-time O/T: $6.00
O/T rate: $18.00

     i.    Half-time O/T for 29 hours paid at regular rate
$6.00 x 29 O/T hours=$174.00 weekly x 13 weeks=$2,262.00

    ii.    Overtime for 10 hours (travel time) paid at $0.00
$18.00 x 10 O/T hours=$180.00 wkly x 13 weeks=$2,340.00

Total #1 and #2: $4,602.00

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

c.  <u>Nature of wages:</u>

This amount represents unpaid overtime wages[3]

69. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

70. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

71. Defendants Dazzling Detailing and Paul Newman willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing

---

[3] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Plaintiffs these overtime wages since the commencement of Plaintiff's employment.

72. Plaintiffs have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno and other similarly situated individuals and against the Defendants Dazzling Detailing and Paul Newman based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno demand a trial by a jury of all issues triable as of right by a jury.

### COUNT II:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

73. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno re-adopt every factual allegation stated in paragraphs 1-54 of this Complaint as if set out in full herein.

74. Plaintiffs bring this action to recover from the Employers Dazzling Detailing and Paul Newman unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

75. Defendant Dazzling Detailing was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

76. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

77. Defendants Dazzling Detailing and Paul Newman employed Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno as non-exempted, full-time hourly employees.

78. While employed by Defendants, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno performed as RV detailers. Plaintiffs' duties consisted of washing, waxing, polishing, and detailing recreational vehicles (RVs) such as campers, motorhomes., and travel trailers across state lines.

79. Plaintiffs worked 7 days per week from Monday to Sunday. Every day Plaintiffs picked up the company vehicle at 7:00 AM and traveled to their job assignment in one or more locations.

80. Plaintiffs worked more than 79 hours weekly, but they were paid for an average of 69 hours. at their regular rate.

81. Defendants refused to pay Plaintiffs the time spent traveling to their job site, or from job site to job site. Traveling was part of Plaintiff's Principal activity, as such it must be counted as hours worked.

82. During their employment with Defendants, Plaintiffs did not receive their wages timely, on the regular payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

83. On or about June 17, 2023, Plaintiffs were forced to leave their employment because they were not being paid their wages.

84. Plaintiff Miguel A. Perez did not receive wages for three consecutive weeks. Plaintiffs Jose A. Centeno and Kevin A. Centeno did not receive wages for two consecutive weeks.

85. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

86. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals.

87. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 US Code §206 (a)(1).

88. Plaintiffs were paid weekly by Zelle without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

89. On or about June 17, 2023, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno were forced to leave their employment with Defendants because they were not receiving their wages.

90. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

91. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

92. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable good-faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery when payroll records are provided.
* Florida's minimum is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### 1.- Minimum wage claim of Plaintiff Miguel A. Perez

a. Total amount of alleged unpaid wages:

Two Thousand Three Hundred Ten Dollars and 00/100 ($2,310.00)

b. Calculation of such wages:

Total weeks of employment:  49 weeks
Total relevant weeks of employment: 3 weeks
Total hours worked:  69 hours
Number of unpaid weeks: 3 weeks
Regular rate: $17.00 an hour
Florida Minimum Wage 2022-2023: $11.00 an hour

$11.00 x 69 hours= $759.00 weekly x 3 weeks=$2,277.00

c.  <u>Nature of wages:</u>

This amount represents unpaid wages at Florida
Minimum wage rate[4]

## **2.- Minimum wage claim of Plaintiff Jose A. Centeno**

a.  <u>Total amount of alleged unpaid wages</u>:

One Thousand Five Hundred Eighteen Dollars and 00/100
($1,518.00)

b.  <u>Calculation of such wages</u>:

Total weeks of employment:  49 weeks
Total relevant weeks of employment: 3 weeks
Total hours worked:  69 hours
Number of unpaid weeks: 3 weeks
Regular rate: $12.00 an hour
Florida Minimum Wage 2022-2023: $11.00 an hour

$11.00 x 69 hours= $759.00 weekly x 2 weeks=$1,518.00

c.  <u>Nature of wages:</u>

This amount represents unpaid wages at Florida

---

[4] At this time, Plaintiff has limited time and payment records. Accordingly,
Plaintiff estimates his damages and reserves the right to amend the calculations.

Minimum wage rate[5]

### 3.- Minimum wage claim of Plaintiff Kevin A. Centeno

a. <u>Total amount of alleged unpaid wages</u>:

One Thousand Five Hundred Eighteen Dollars and 00/100 ($1,518.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  49 weeks
Total relevant weeks of employment: 3 weeks
Total hours worked:  69 hours
Number of unpaid weeks: 3 weeks
Regular rate: $12.00 an hour
Florida Minimum Wage 2022-2023: $11.00 an hour

$11.00 x 69 hours= $759.00 weekly x 2 weeks=$1,518.00

c. <u>Nature of wages</u>:

This amount represents unpaid wages in Florida
 Minimum wage rate[6]

93. Defendants Dazzling Detailing and Paul Newman unlawfully failed to pay

Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno minimum

wages.

---

[5] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

[6] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

94. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

95. Defendants Dazzling Detailing and Paul Newman willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act.

96. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay reasonable Attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno and against Defendants Dazzling Detailing and Paul Newman based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Miguel A. Perez, Jose A. Centeno, Kevin A. Centeno, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE OF PLAINTIFFS; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS</u>**

97. Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno re-adopt every factual allegation stated in paragraphs 1-54 of this Complaint as if set out in full herein.

98. The employer Dazzling Detailing was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

99. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

100.  29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

101.  29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

102.  Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

103.  Defendants Dazzling Detailing and Paul Newman employed Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno as non-exempted, full-time hourly employees.

104.  Plaintiffs were hired as RV detailers, their duties consisted of washing, waxing, polishing, and detailing recreational vehicles (RVs) such as campers, motorhomes., and travel trailers across state lines.

105.    Plaintiff Miguel A. Perez worked for Defendants for a total of 49 weeks, and his wage rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

106.    Plaintiffs Jose A, Centeno, and Kevin A. Centeno worked for a total of 13 weeks, and their wage rate was $12.00 an hour. Plaintiffs' overtime rate should be $18.00 an hour.

107.    Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno worked 7 days per week an average of 79 hours weekly. However, Plaintiffs were paid for an average of 69 hours at their regular rate.

108.    Plaintiffs worked in excess of 40 hours, but they were not paid for overtime hours, as required by law.

109.    Furthermore, Defendants refused to pay Plaintiffs the time spent traveling to their job site, or from job site to job site. Traveling was part of Plaintiff's Principal activity, as such it must be counted as hours worked.

110.    Plaintiffs estimate that Defendants failed to pay them an average of 10 hours weekly. Those 10 hours of travel time, constitute 10 additional unpaid overtime hours.

111.    Moreover, during their employment with Defendants, Plaintiffs did not receive their wages timely, on the regular payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

112.    Plaintiff Miguel A. Perez was not paid wages for three consecutive weeks. In addition, he was not reimbursed for supplies bought with his own money.

113.    Plaintiffs Jose A. Centeno and Kevin A. Centeno were not paid wages for two consecutive weeks.

114.    There is a substantial number of hours that were not compensated at any rate, not even at the minimum wage rate established by the FLSA.

115.    Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiffs' number of working hours for the week.

116.    Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

117.    Defendants also failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

118.    Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno complained many times to their superiors, but Defendants ignored Plaintiffs' requests.

119.    These complaints constituted protected activity under the FLSA.

120.    On or about June 17, 2023, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno were forced to resign from their employment because they were not receiving their hard-earned wages.

121.    At the time of their resignation, Defendants refused to pay Plaintiffs their overdue wages.

122.    Consequently, on or about June 17, 2023, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno were constructively discharged from their employment. Defendants deliberately created unfair working conditions in such a way that any reasonable person could not accept, and they were forced to resign.

123.    At all times during their employment, Plaintiffs performed their work satisfactorily. Accordingly, there was no reason other than unlawful employment practices to discharge Plaintiffs constructively.

124.    The motivating factor which caused Plaintiffs' constructive discharge, as described above, was their complaints about unpaid regular and overtime wages. In other words, Plaintiffs would not have been constructively discharged but for their complaints about unpaid wages.

125.    Defendants willfully and maliciously retaliated against Plaintiffs by engaging in a retaliatory action materially adverse to a reasonable employee

and with the purpose of dissuading them from exercising their rights under 29 U.S.C. 215(a)(3).

126.    Defendants' constructive discharge of Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiffs have been damaged.

127.    Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno respectfully request that this Honorable Court:

A.  Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B.  Enter judgment against Defendants Dazzling Detailing and Paul Newman that Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C.  That Plaintiffs recover an award of reasonable attorney's fees, costs, and expenses.

D.  Order Defendants Dazzling Detailing and Paul Newman to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno further pray for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiffs Miguel A. Perez, Jose A. Centeno, and Kevin A. Centeno demand a trial by jury of all issues triable as of right by a jury.

Dated June 30, 2023                              Respectfully Submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*